UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

**VENADIUM LLC,**

        **Plaintiff,**

    **v.**

**8X8, INC.,**

        **Defendant.**

**No. 1:17-cv-**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Venadium LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.      Plaintiff Venadium LLC is a Texas limited liability company with a principal office at 3000 Custer Road, Suite 270-219, Plano, Texas 75075.

2.      Defendant 8x8, Inc. is a Delaware corporation with a regular and established place of business at 2125 O'Nel Drive, San Jose, California 95131.  Defendant may be served with process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.      Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

7.      On December 11, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,330,549 (the "549 Patent"), entitled "Protected Shareware."  A true and correct copy of the 549 patent is attached at Exhibit A.

8.      Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 549 Patent.

## THE ACCUSED PRODUCT

9.      Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 549 Patent.

10.     Defendant's Accused Product is its website: https://www.8x8.com/.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,330,549

11.     Plaintiff incorporates by reference each of its foregoing allegations.

12.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 549 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and using (including testing) its Accused Product with the sales and offering for sale of its products and services as shown in Exhibit B.

13.     The claims of the 549 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

14.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the 549 Patent upon a plain reading of this Complaint, the 549 Patent, and Exhibit B.

15.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; it does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

16.     Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 549 Patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.     Judgment that Defendant has infringed the 549 patent under 35 U.S.C. § 271(a);

B.     An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.     Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.     Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).

Dated: August 22, 2017                    Respectfully Submitted,

                                          By: */s/ Timothy Devlin*
                                          Timothy Devlin
                                          Delaware Bar No. 4241
                                          DEVLIN LAW FIRM LLC
                                          1306 N. Broom Street, 1st Floor
                                          Wilmington, DE 19806
                                          Phone: (302) 449-9010
                                          tdevlin@devlinlawfirm.com


                                          OF COUNSEL:
                                          Peter J. Corcoran, III
                                          CORCORAN IP LAW, PLLC
                                          2019 Richmond Road, Suite 380
                                          Texarkana, Texas 75503
                                          Tel: (903) 701-2481
                                          Fax: (844) 362-3291
                                          peter@corcoranip.com


                                          *Counsel for Plaintiff Venadium LLC*